J-S40006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAR GIBBS, | : | |
| | : | |
| Appellant | : | No. 3728 EDA 2017 |

Appeal from the PCRA Order October 30, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007137-2015

BEFORE: LAZARUS, J., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 21, 2018**

Appellant, Jamar Gibbs, appeals from the Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis of the PCRA court's March 6, 2018 Opinion.

The PCRA court set forth the underlying facts and we need not repeat them in detail. *See* PCRA Court Opinion, filed 3/6/18, at 2-4. Briefly, on June 28, 2015, Appellant rode his bicycle past Philadelphia Police Officer John Bruckner and other officers on routine patrol. Officer Bruckner saw a handgun in Appellant's rear pocket, so he and another officer pursued Appellant. During the chase, Sergeant John Descher who was investigating a different crime down the street, saw Appellant riding toward him with officers in pursuit. Sergeant Descher watched as Appellant dropped a silver handgun, stopped

_____
* Retired Senior Judge assigned to the Superior Court.

his bicycle, retrieved the gun and its magazine from the ground, and continued riding in the Sergeant's direction.

Sergeant Descher ordered Appellant to stop as he approached, but Appellant attempted to elude Sergeant Descher. Sergeant Descher tackled Appellant, and the other officers helped handcuff and arrest Appellant. In a search incident to arrest, the officers recovered a loaded and operable handgun from inside Appellant's pants. Appellant did not have a license to carry a firearm and he was ineligible to possess a firearm because of prior convictions.

The Commonwealth charged Appellant with Persons Not to Possess Firearms, Carrying a Firearm Without a License, and Carrying a Firearm in Public in Philadelphia.[1] On November 2, 2015, Appellant proceeded to a bench trial. Appellant testified that he had stopped and retrieved the gun while riding his bike, and that he intended to sell the gun. Appellant admitted that he knew that he was prohibited from possessing a firearm as a prior offender.

The trial court convicted Appellant of the above offenses. On January 8, 2016, the trial court imposed an aggregate term of five to ten years' incarceration followed by five years' probation.[2]

---

[1] 18 Pa.C.S. § 6105; 18 Pa.C.S. § 6106; and 18 Pa.C.S. § 6108, respectively.

[2] Appellant filed a timely Post-Sentence Motion, but later withdrew it.

Appellant filed a timely Notice of Appeal, but discontinued his appeal on June 7, 2016. On July 13, 2016, Appellant filed the instant *pro se* PCRA Petition, his first, alleging ineffective assistance of counsel because counsel purportedly advised him to admit at trial that he picked up the firearm to sell it. The PCRA court appointed counsel and eventually permitted counsel to withdraw pursuant to **Turner/Finley**.[3]

On September 26, 2017, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. On October 30, 2017, the PCRA court dismissed Appellant's PCRA Petition.

Appellant filed a timely Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

> Was trial counsel ineffective for advising the Appellant to admit his guilt of the offense during his direct testimony at trial?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. **Id**. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted).

Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002). ***See also Commonwealth v. Gibson***, 951 A.2d 1110, 1128 (Pa. 2002) ("If it is clear that Appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

"The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel." ***Commonwealth v. Smith***, 181 A.3d 1168, 1179 (Pa. Super. 2018). "In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Id.***

The Honorable Daniel D. McCaffery, sitting as the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing the record and relevant case law in addressing Appellant's claim. The record supports the PCRA court's findings and the Order is otherwise free of legal

error. We, thus, affirm on the basis of the PCRA court's March 6, 2018 Opinion. **See** PCRA Court Opinion, 3/6/18, at 4-6 (concluding it properly dismissed Appellant's PCRA Petition because Appellant failed to demonstrate counsel's alleged ineffective assistance prejudiced him, opining specifically that "this Court would have found Appellant guilty even had he not testified and stated that he found the gun and kept it to sell.").

The parties are instructed to attach a copy of the PCRA court's March 6, 2018 Opinion to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/18

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CRIMINAL SECTION**

COMMONWEALTH OF PENNSYLVANIA  : PHILADELPHIA COURT
  : OF COMMON PLEAS
  : CRIMINAL TRIAL DIVISION
  :
  v.  : CP-51-CR-0007137-2015
  :
  :

JAMAR GIBBS



CP-51-CR-0007137-2015 Comm. v. Gibbs, Jamar
Opinion

8079275041

**FILED**

MAR 0 6 2018

Appeals/Post Trial
Office of Judicial Records

**OPINION**

## MCCAFFERY, J

Jamar Gibbs (hereinafter "Appellant") appeals from the order dated October 30, 2017, denying him relief pursuant to the Post-Conviction Relief Act (hereinafter PCRA), 42 Pa.C.S. § 9541 *et seq*. For the reasons set forth below, it is respectfully suggested that the referenced order be affirmed.

## PROCEDURAL HISTORY

On November 2, 2015, Appellant was found guilty following a waiver trial of committing the crimes of Possession of Firearm by a Prohibited Person, 18 Pa.C.S. § 6105, Firearms not to be Carried without a License, 18 Pa.C.S. § 6106, and Carrying Firearms on a Public Street, 18 Pa.C.S. § 6108. On January 8, 2016, this Court sentenced Appellant to five to ten years' incarceration on the Possession of Firearm by Prohibited Person charge and two terms of five years' probation on the remaining two charges. The probationary sentences were ordered to be served consecutive to the sentence of incarceration but concurrent with one another. On January 14, 2016, Appellant filed a post-sentence motion. On February 19, 2016, before this Court ruled

1

upon the motion, Appellant filed a Praecipe to Withdraw said motion. Again, before this Court could acknowledge the Praecipe, Appellant filed a Notice of Appeal on February 20, 2016, after which Appellant's counsel advised this Court that he intended to file an Anders Brief in the Superior Court.[1] In accordance with Pa.R.A.P. 1925(c), counsel filed a statement of matters Appellant intends to raise on appeal.

Appellant discontinued his direct appeal on June 17, 2016. On July 18, 2016, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed to represent him and on September 22, 2017, counsel filed a Motion to Withdraw as Counsel and a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), wherein counsel averred that the issues set forth by Appellant in his *pro se* PCRA petition lacked merit. After carefully reviewing the entire record and determining that there were no issues that could be raised in an amended petition, this Court sent Appellant a Pa.R.Crim.P. 907 Notice of Intent to Dismiss on September 26, 2017. On October 30, 2017, having again reviewed the entire record, this Court issued an order dismissing Appellant's PCRA petition without a hearing. On November 28, 2017, this Court granted court-appointed counsel's Motion to Withdraw. Appellant thereafter filed a timely *pro se* notice of appeal and a court-ordered 1925(b) Statement of Matters.

## FACTUAL HISTORY

On June 28, 2015, at about 5:35 p.m., Septa Police Officer John Bruckner was in the area of the 2800 block of Kensington Avenue in Philadelphia on routine patrol with a Sergeant Richards and a Police Officer Anderson when he observed Appellant ride by on a bicycle. (N.T. 11/2/15, 9-11). As Appellant rode past, Officer Bruckner saw a handgun in Appellant's rear pocket and he and Sergeant Anderson began pursuing Appellant. (N.T. 11/2/15, 9-11). During

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

the chase, the gun fell out of Appellant's pocket and Appellant stopped his bike and appeared to retrieve it before again riding away. (N.T. 11/2/15, 11).

Philadelphia Police Sergeant John Descher was holding a crime scene in the 2800 block of Kensington Avenue when he saw Appellant riding toward him with officers in pursuit of him. (N.T. 11/2/15, 18-20). Appellant looked back over his shoulder a couple of times as he rode toward the sergeant. (N.T. 11/2/15, 21). When Appellant was about thirty yards from the sergeant, the sergeant saw a silver metallic gun fall from Appellant's waistband, the magazine of which ejected from the gun when it hit the ground. (N.T. 11/2/15, 21). Sergeant Descher observed Appellant stop his bike, retrieve the gun and the magazine, and then climb back on his bike and continue down the street. (N.T. 11/2/15, 21).

Sergeant Descher ordered Appellant to stop when he came near the sergeant's patrol car. (N.T. 11/2/15, 21). Appellant then attempted to elude Sergeant Descher, who had exited his patrol car, but was unable to do so and Sergeant Descher tackled him. (N.T. 11/2/15, 21-22). Officer Bruckner and the officers then ran up and after Appellant was handcuffed Officer Bruckner and another officer searched Appellant and retrieved a handgun from inside his pants. (N.T. 11/2/15, 16, 22).

An examination of the gun showed that it was loaded and operable. (N.T. 11/2/15, 25). Appellant did not have a license to carry a concealed weapon and the parties stipulated that Appellant was ineligible to possess a firearm. Id.

Appellant testified in his own defense and stated that he was riding his bike when he saw a silver object and stopped and retrieved it. (N.T. 11/2/15, 27). Although he did not know what it was before he picked it up, he immediately saw that it was a handgun once he did so. Id. He conceded that he was a drug dealer and intended to sell the gun because he did not mess with

3

guns. Id. He further admitted that he knew he was prohibited from possessing a firearm and that he picked the gun up because he saw "dollar signs." (N.T. 11/2/15, 28).

**DISCUSSION**

In his *pro se* 1925(b) statement, Appellant claims that trial counsel provided him with ineffective assistance of counsel because he advised Appellant to admit his guilt when he took the witness stand and testified. It is respectfully suggested that appellate relief be denied with respect to this claim for the reasons set forth below.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth

4

v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014) (citing Commonwealth v. Sepulveda, 55 A.3d 1108, 1117-1118 (Pa. 2012); Commonwealth v. Albrecht, 720 A.2d 693, 701 (1998)).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of

5

action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Here, this Court denied Appellant PCRA relief because he failed to establish that counsel's alleged advice prejudiced him. The evidence clearly established that Appellant had possession of the gun before the police observed him bend over and pick up the object that turned out to be the gun that served as the basis for charging him with the offenses he was convicted of committing. Moreover, when confronted by the police, Appellant attempted to elude them thereby manifesting consciousness of guilt. Thus, this Court would have found Appellant guilty even had he not testified and stated that he found the gun and kept it to sell. Accordingly, he failed to prove that trial counsel's alleged ineffectiveness prejudiced him and it is respectfully suggested that his claim be deemed lacking in merit.

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the order denying Appellant relief pursuant to the PCRA be affirmed.

BY THE COURT,

Date: 3/6/2018

Daniel D. McCaffery, J.

6